UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

In re:

PEN HOLDINGS, INC., et al.,

    Debtors,

BK #302-00979

ADV #304-0145A

HIGHLAND MACHINERY CORPORATION,

    Defendant/Appellant,

v.

ELK HORN COAL COMPANY, LLC,

    Plaintiff/Appellee.

3:04-0940
JUDGE ECHOLS

## ORDER

For the reasons stated in the Memorandum entered herewith, the Motion for Leave to Appeal (Bankruptcy Record Entry No. 3) filed by Defendant/Appellant Highland Machinery Corporation, seeking permission to file an interlocutory appeal of the Bankruptcy Court's Order of September 27, 2004, is hereby GRANTED.

IT IS SO ORDERED.

ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

This document was entered on the docket in compliance with Rule 58 and/or Rule 79 (a), FRCP on 2/9/04 By [initials]



UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
In re:                              )
                                    )
PEN HOLDINGS, INC., et al.,         )
                                    )
    Debtors,                        )
                                    )
_____)
                                    )
HIGHLAND MACHINERY CORPORATION,     )
                                    )
    Defendant/Appellant,            )
                                    )   3:04-0940
v.                                  )   JUDGE ECHOLS
                                    )
ELK HORN COAL COMPANY, LLC,         )
                                    )
    Plaintiff/Appellee.             )
                                    )
```

## MEMORANDUM

Pending before the Court is the Motion for Leave to Appeal (Bankruptcy Record Entry No. 3) filed by Defendant/Appellant Highland Machinery Corporation ("Highland"), pursuant to 28 U.S.C. § 158(a)(3) and Federal Rules of Bankruptcy Procedure 8001(b) and 8003. Highland seeks leave to appeal the Bankruptcy Court's decision entered on September 27, 2004, denying in part Defendant's Motion to Dismiss Adversary Proceeding or, in the Alternative, for Summary Judgment. (Bankruptcy Record Entry No. 2.) Plaintiff/Appellee The Elk Horn Coal Company, LLC ("Elk Horn"), has responded in opposition to the Motion for Leave to Appeal.

1

## I. Jurisdiction

The Court must consider *sua sponte* whether it has jurisdiction to rule on the Motion for Leave to Appeal, even though the parties have not addressed this issue. See Millers Cove Energy Co. v. Moore (In re Millers Cove Energy Co.), 128 F.3d 449, 450 (6th Cir. 1997). A Notice of Appeal must be filed within ten days of the date of the entry of the judgment, order, or decree from which appeal is taken. Fed. R. Bankr. P. 8002(a); In re G.A.D., Inc., 340 F.3d 331, 334 (6th Cir. 2003). Compliance with the ten-day filing rule is a jurisdictional requirement. In re LBL Sports Ctr., Inc., 684 F.2d 410, 412 (6th Cir. 1982). In computing the period of time allowed for filing a Notice of Appeal, intermediate Saturdays, Sundays, and legal holidays are counted because the period allowed for filing the Notice of Appeal is more than eight (8) days. Fed. R. Bankr. P. 9006(a).

The decision Highland seeks to appeal was entered by the Bankruptcy Court on September 27, 2004. Thus, Highland had ten days, until October 7, 2004, to file a Notice of Appeal.

The Court takes judicial notice that the Bankruptcy Court for the Middle District of Tennessee inaugurated Electronic Case Filing (ECF) on October 4, 2004, shortly after the Bankruptcy Court entered the decision at issue. On October 7, 2004, the last day of the appeal period, Highland filed its Motion for Leave to Appeal through the ECF system. On October 8, 2004, one day after the appeal period expired, Highland filed its Notice of Appeal. The Bankruptcy Court's Docket Sheet shows, however, at Docket Entry

2

Number 21, another filing by Highland on October 7, 2004: Defendant's "Motion for Leave to Appeal *Notice of Appeal of September 27, 2004 Order*."

The Court has reviewed the latter document. (Bankruptcy Supp. Record No. 5.) It is a Notice of Appeal identical to the Notice of Appeal that Highland filed again on October 8, 2004. (Bankruptcy Record No. 1.) The Court concludes that Highland's October 7 filing of the Notice of Appeal, even though it may not have been in full technical compliance with ECF Procedures, is properly construed as a timely filing.

ECF Procedure 5(a) of the Bankruptcy Court's Local Rules of Court – Administrative Procedures for Electronic Case Filing provides:

> A document is filed for all purposes and is entered on the docket under Bankruptcy Rule 5003 when the electronic transmission of the document to ECF, consistent with these Procedures, is received by the court.

Highland's initial effort to file its Notice of Appeal timely on October 7, 2004, using the new ECF system, apparently was technically deficient, which caused Highland to file the Notice of Appeal for a second time on October 8, 2004.

ECF Procedure 2 provides in pertinent part (emphasis added):

> After 8:00 A.M. on October 4, 2004, the Clerk's office **is not authorized to refuse a filing not in compliance with these Procedures**; however, the Clerk's office is authorized to impose registration and training requirements on any entity that files a document not in compliance with these Procedures.

Furthermore, the active District Judges of the Middle District of Tennessee delegated authority to promulgate ECF Procedures to

3

the Bankruptcy Court by Administrative Order No. 127-15 entered on August 19, 2004. That Administrative Order states in part (emphasis added):

> Administrative Procedures so enacted shall have the force of local bankruptcy rules **but shall be made, amended and applied with due regard for the new and still developing technology that is the ECF system.**

The Court concludes that, under the facts and circumstances presented in this case, ECF Rule 5(a) should be fairly applied to construe Highland's October 7, 2004 effort as a timely filing of the Notice of Appeal. Therefore, the Court concludes that it does have appellate jurisdiction to decide Highland's Motion for Leave to Appeal.

## II. Facts and Procedural History

The record reflects that Pen Holdings, Inc., and five related entities ("Pen Holdings") filed Chapter 11 bankruptcy petitions on January 24, 2002, which were consolidated. Prior to filing the bankruptcy petitions, Pen Holdings controlled the rights to approximately 200 million tons of Appalachian coal and operated mines in Kentucky and West Virginia with 500 employees. On February 25, 2002, Pen Holdings filed its Schedules and Statements of Financial Affairs. The Statements listed over 700 payments totaling more than $160 million[1] that Pen Holdings made during the ninety days preceding the filing of the bankruptcy petitions.

On October 1, 2003, the Bankruptcy Court confirmed an amended

---

[1]This amount included over $120 million paid to secured lenders and to satisfy payroll and tax payments.

4

Joint Plan of Reorganization. On November 25, 2003, the Bankruptcy Court entered an Agreed Order to Clarify Plan that resolved an ambiguity with respect to the name of the Reorganized Debtor, Elk Horn.

On January 23, 2004, Elk Horn filed 173 adversary proceedings against approximately 260 defendants under 11 U.S.C. § 547(a) in an attempt to avoid preferential transfers. Many of these actions settled, but seventy remain. The Bankruptcy Court consolidated the remaining adversary actions for discovery and trial to begin February 14, 2005.

Various defendants in the adversary actions filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, raising several issues, all but one of which the Bankruptcy Court rejected by Order entered August 3, 2004. In its written decision entered September 27, 2004, the Bankruptcy Court denied the final remaining ground raised in support of the Motion to Dismiss or, in the Alternative, for Summary Judgment.

In denying the Motion to Dismiss, the Bankruptcy Court observed "[i]t is well-recognized in this circuit that confirmation of a Chapter 11 plan has *res judicata* effect with respect to causes of action that became assets of the Chapter 11 estate[,]" including preference actions under § 547, citing Browning v. Levy, 283 F.3d 761 (6th Cir. 2002). (Bankruptcy Record Entry No. 2, Memorandum at 4.) The Bankruptcy Court noted, however, that because it often is not practical or even possible to litigate all preference actions before confirmation of a plan, a Chapter 11 plan can reserve the

right of a reorganized debtor to bring preference actions after confirmation pursuant to § 1123(b)(3), thus overcoming the res judicata effect of confirmation. (Id. at 5.) The Bankruptcy Court conducted an extensive review of the "deep roots" of § 1123(b)(3), (id. at 5-8), and observed that § 1123(b)(3) is silent with respect to plan language that is necessary or sufficient to preserve a particular claim or cause of action. (Id. at 8.) The Bankruptcy Court recognized that courts are divided on the specifics necessary to comply with § 1123(b)(3) citing numerous cases, (id. at 8 & n.6, n.7), and noted that the Sixth Circuit had "waded into this debate at least twice, though not in the context of preference litigation[,]" discussing Browning and Micro-Time Mgt. Sys., Inc. v. Allard & Fish, P.C. (In re Micro-Time Mgt. Sys., Inc.), 983 F.2d 1067, 1993 WL 7524, at *5 (6th Cir. Jan. 12, 1993) (Table). (Id. at 9-10.)

Ultimately, the Bankruptcy Court held that the confirmed Joint Plan of Reorganization adequately preserved the preference actions brought under § 547 and that the preference actions are not barred by res judicata as a result of the confirmation of the Joint Plan. The Bankruptcy Court ruled that the language of the Joint Plan was "minimally sufficient" for purposes of 11 U.S.C. § 1123(b)(3) to reserve avoidance actions, and acknowledged that "[t]his is a close case." (Bankruptcy Record Entry No. 2, Memorandum at 1, 12.)

Highland's Notice of Appeal and Motion for Leave to Appeal seek interlocutory review of the Bankruptcy Court's decision. In the event this Court were to permit the interlocutory appeal and to

6

reverse the Bankruptcy Court's decision, the Bankruptcy Court would be required to dismiss this pending preference action. Highland asserts that the standard for interlocutory appeal under 28 U.S.C. § 158(a)(3) and 28 U.S.C. § 1292(b) is met because the appeal presents a controlling question of law, there are substantial grounds for a difference of opinion respecting the correctness of the Bankruptcy Court's decision, and immediate appeal would materially advance the ultimate termination of the litigation. Highland contends that the Bankruptcy Court's decision conflicts with <u>Browning</u> and must be reversed.

Elk Horn opposes the Motion for Leave to Appeal, contending that interlocutory appeal will not materially advance the ultimate termination of the litigation because many other preference actions are set for trial in which no appeal is being sought, and piecemeal litigation will result. Elk Horn points out that interlocutory appeal is discouraged as a matter of judicial policy and should be granted only sparingly and in exceptional cases. Elk Horn disagrees that these preference actions constitute "'protracted and expensive litigation,' where a court's false move early on in the case could lead to an enormous burden being placed on the parties who have to follow the normal routes of appeal." <u>Limor v. Weinstein (In re SMEC, Inc.)</u>, 161 B.R. 953, 956 (M.D. Tenn. 1993).

### III. Applicable Law and Analysis

This Court has jurisdiction to hear interlocutory bankruptcy appeals pursuant to 28 U.S.C. § 158(a)(3). That statutory section and the Bankruptcy Rules do not provide a meaningful standard by

which to decide whether an interlocutory appeal should be permitted. In re Wicheff, 215 B.R. 839, 844 (B.A.P. 6th Cir. 1998). As a result, courts rely upon the language of 28 U.S.C. § 1292(b), which defines the scope of appellate jurisdiction over interlocutory appeals from the district courts. Id. That statute confers jurisdiction over non-final orders where the appellant shows (1) the question involved is a controlling question of law (2) about which there is substantial basis for a difference of opinion and (3) the resolution of which will materially advance the ultimate termination of the litigation. Id.; Vitols v. Citizens Banking Co., 984 F.2d 168, 170 (6th Cir. 1993). Leave to appeal from an interlocutory order should be granted only in exceptional circumstances so as not to contravene the judicial policy of discouraging interlocutory appeals and avoiding disruption and delay that results in piecemeal litigation. Id. Interlocutory appeal is appropriate in "'protracted and expensive litigation,'" where failure to resolve a question of law early in the case could lead to the placement of an enormous burden on the parties. In re SMEC, Inc., 161 B.R. at 956.

There is no question that the issue before the Bankruptcy Court is a controlling question of law with regard to the legal viability of the pending preference actions.

Moreover, a substantial ground for a difference of opinion exists when (1) the issue is difficult and one of first impression; (2) a difference of opinion exists within the controlling circuit; or (3) the circuits are split on the issue. Gaylord Entertainment

8

Co. v. Gilmore Entertainment Group, LLC, 187 F. Supp.2d 926, 956 (M.D. Tenn. 2001) (cited case omitted). Characterizing this as a close case, the Bankruptcy Court distinguished the Sixth Circuit cases, Browning and Micro-Time, on the ground that the cases did not pertain to preference actions. Further, the Bankruptcy Court recognized that other circuits and lower courts are split on the specificity of language that will satisfy § 1123(b)(3). These factors weigh in favor of a determination that a substantial ground for a difference of opinion exists.

Finally, the resolution of this issue in favor of Highland, in the event the Court should so hold, would materially advance the ultimate termination of the litigation.

### III. Conclusion

The Court concludes that Highland has made the requisite showing that an interlocutory appeal is warranted. Accordingly, Highland's Motion for Leave to Appeal (Bankruptcy Record Entry No. 3) shall be GRANTED.

An appropriate Order shall be entered.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE

# United States District Court
# Middle District of Tennessee

Ann Frantz  
*Operations Manager*  
www.tnmd.uscourts.gov

Office of the Clerk  
800 United States Courthouse  
Nashville, Tennessee 37203  
(615) 736-2364

TO: Attorneys of Record

DATE: December 9, 2004

RE: Highland Machinery Corp., Appellant v. Elk Horn Coal Co., LLC, Appellee

CIVIL NO: 3:04-0940

JUDGE: Chief Judge Echols

Pursuant to this Court's Order granting the Appellant's Motion for Leave to Appeal, the appellant shall serve and file a brief within 15 days from the date the order granting leave to appeal was entered on the docket of this court. Pursuant to Bankruptcy Rule 8009(a)(2), the appellee shall serve and file a brief within 15 days after service of the brief of the appellant.